UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Kevin Lee, | : |
|     Petitioner, | : |
| | : |
| v. | :   File No. 2:09-CV-94 |
| | : |
| Andrew Pallito, | : |
| Vermont Department of | : |
| Corrections, | : |
|     Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Doc. Nos. 7 and 9)

Petitioner Kevin Lee, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lee seeks to vacate his state court convictions for operating a motor vehicle under the influence of alcohol, in violation of 23 V.S.A. § 1201(a)(2), attempted simple assault, 13 V.S.A. § 1023(a)(1), and giving false information to a law enforcement officer, 13 V.S.A. § 1754(a). The Respondent now moves for "summary judgment to dismiss,"[1] arguing that Lee has failed to exhaust his state court remedies. Because Lee has, in fact, exhausted his state court remedies, the Respondent's motion should be DENIED.

---

[1] Respondent's motion is styled as a motion for summary judgment to dismiss the petition. Generally, the standards governing motions to dismiss and motions for summary judgment differ significantly. However, because the respondent's motion should be denied as a matter of law, the Court need not address which standards control.

1

FACTUAL BACKGROUND

The evidence at Petitioner's state criminal trial revealed that Lee was involved in a fracas on October 19, 2006 at a Cumberland Farms in Morrisville, Vermont. Witnesses at the scene testified that Lee and his roofing crew were involved in an altercation with bystanders in which heated words were exchanged. Document 4-3 at 6. The situation escalated, and Lee attempted to strike another person. *Id.* Some witnesses at the scene testified that Lee was intoxicated. *Id.* The police were notified, and Lee was subsequently arrested. *Id.*

Lee was charged in the Lamoille County District Court with DUI, in violation of 23 V.S.A. § 1201(a)(2), operating with a suspended license, 23 V.S.A. § 674(b), a charge later dismissed, attempted simple assault, 13 V.S.A. § 1023(a)(1), and giving false information to a law enforcement officer, 13 V.S.A. § 1754(a). In addition, the State charged that Lee had been convicted of DUI seven times in the past and sought to have Lee sentenced as a habitual offender, pursuant to 13 V.S.A. § 11. Document 9 at 1-2.

Lee was taken to the police station for arrest processing. While in the holding cell Lee was videotaped invoking his rights to counsel and to remain silent. The video also depicted Lee engaging in a range of behavior in

2

which he was at times calm and polite and at times insulting and aggressive. The video tape was admitted and played for the jury at Lee's trial.

On the second day of the trial, as jurors were going through security and entering the courthouse, at least one juror was able to observe on a video screen that Lee was handcuffed and shackled, indicating that he was being held in prison during the trial. Document 4-3 at 7-8. Lee's counsel raised the issue to the judge, suggesting that the court voir dire the jurors on what they had seen. The court declined to interview or question the jurors, stating that at a later time it would excuse the juror as an alternate. *Id.*

Defense counsel objected on the grounds that the juror may have revealed to other jury members that Lee was being incarcerated while the trial was pending. The court ruled that the issue would not be addressed until after a verdict had been reached. Defense counsel moved for a mistrial and objected to trial going forward with the matter unresolved. Defense counsel also asserted that two individuals claimed to be plainclothes police officers were seated in the

courtroom[2], which caused jurors to question the identities of the men and ask the court staff who they were. *Id.*

During closing arguement, the prosecutor reminded the jury about the videotape of Lee's processing. *Id.* He also stated that defense counsel had a vested interest in the outcome of the trial. Defense counsel objected, and the court sustained the objection but did not instruct the jury to disregard the statement. *Id.*

The jury verdict found Lee guilty on the DUI, giving false information to a law enforcement officer, and attempted simple assault charges. Lee was also found guilty of having been convicted of DUI on previous occasions, and was convicted as a habitual offender pursuant to 13 V.S.A. § 11. Following the return of the verdict the trial judge questioned one juror in open court as to what she had seen when entering the courtroom. The other jurors were also questioned, but none affirmatively responded that they had witnessed anything. Later that same day, a juror came forward stating that she had seen Lee on a video screen when going through security. Defense counsel unsuccessfully moved for a new trial. Document 4-3 at 9.

---

[2] In his petition Lee argues the two individuals were seated in what Lee refers to as the alternate jury box. In Lee's direct appeal to the Vermont Supreme Court the Court described the persons as being in the courtroom.

Lee was sentenced to ten years to life in prison. *Id.* at 12. In his direct appeal to the Vermont Supreme Court, Lee raised the following issues: (1) the jury was allowed to view a videotape of him invoking his rights to counsel and silence in violation of the Fifth Amendment to the Constitution and Article 10 of the Vermont Constitution; (2) the court failed to adequately address the issue of a juror(s) view of him in shackles prior to trial proceedings in violation of his right to Due Process of law; (3) the court permitted individuals who were presumed to be law enforcement officers to sit in the courtroom, thereby raising an inference that Lee was incarcerated, which may have undermined the presumption of innocence under the Due Process Clause; (4) trial court error in not designating alternate jurors prior to commencement of trial; and (5) failure by the court to obtain a proper waiver from him to testify on his own behalf.

The Vermont Supreme Court affirmed Lee's convictions in October of 2008. *State v. Lee*, 967 A.2d 1161, 1164 (Vt. 2008). Presently before this Court is Lee's habeas corpus petition in which he seeks to vacate his convictions,

raising four of the five issues presented to the Vermont Supreme Court in his direct appeal.[3]

## DISCUSSION

The Respondent moves for dismissal of the petition, raising the sole argument that Lee has not exhausted his state court remedies because he has not yet pursued post-conviction or habeas corpus relief in state court. Under 28 U.S.C. § 2254, a person in custody can apply for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or United States laws or treaties. Section 2254 also states that, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).

In order to fulfill the exhaustion requirement, the petitioner must have raised the substance of all of his federal constitutional claims to the highest state court before proceeding. *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001); *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 124 (2d Cir. 1995). This is to say

---

[3] Lee has abandoned the claim that the trial court should have designated two jurors as alternates prior to the start of trial.

that the state court must have been aware that the petitioner was "raising federal constitutional claims and must have been apprised of both the factual and legal bases of those claims."  *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991).

Here, the Vermont Supreme Court addressed the four claims presently at issue here in Lee's direct appeal. After reviewing the findings of the trial court, the Court rejected the Petitioner's claims and affirmed the lower court's holding.  *State v. Lee*, 967 A.2d at 1164. Nonetheless, the Respondent argues that Lee's petition should be dismissed because he has failed to pursue *all* of his state court options.

The Respondent's argument is misplaced.  "[A] petitioner need not give the state court system more than one full opportunity to rule on his claims; if he has presented his claims to the highest state court on direct appeal he need not also seek state collateral relief."  *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 n.3 (2d Cir. 1982) (*en banc*); *see also Brown v. Allen*, 344 U.S. 443, 448 n.3 (1953); *Fong v. Sears*, 2009 WL 1515743, at *7 (E.D.N.Y. May 29, 2009); *Taylor v. Mitchell,* 939 F. Supp. 249, 254 (S.D.N.Y. 1996).  Indeed, the Supreme Court has clearly determined that "the exhaustion doctrine does not

7

foreclose federal habeas relief whenever a state remedy is available, and once a prisoner has presented his claim to the highest state court on direct appeal, he need not seek collateral relief from the State." *Rose v. Lundy*, 455 U.S. 509, 524 n.1 (1982) (citing *Brown,* 344 U.S. at 447). Thus, here, the Court should find that Lee did exhaust his state remedies, and DENY Respondent's Motion for Summary Judgment to Dismiss Petition for Habeas Corpus.

## CONCLUSION

Based on the foregoing, I recommend that Respondent's Motion for Summary Judgment to Dismiss Petition for Writ of Habeas Corpus (Paper 9) be DENIED. The Respondent's motion to extend the time for filing this motion (Paper 7) is GRANTED.

In the event this Report and Recommendation is adopted, the Respondent is directed to comply with Rules 5(b)-5(d) of the Rules Governing Section 2254 Cases in United States District Courts. Petitioner is ordered to file any subsequent motion to dismiss or motion for summary judgment within sixty days of the Court's order concerning this Report and Recommendation.

Dated at Burlington, in the District of Vermont, this 24th day of July, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).